UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SCOTT B. PRICE,

      Petitioner,

v.                                    No.: 3:06-cv-294
                                             (VARLAN/SHIRLEY)

DAVID MILLS, Warden,

      Respondent.

## MEMORANDUM AND ORDER

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his Knox County, Tennessee, conviction for rape of a child and resulting sentence of 21 years in the Tennessee Department of Correction. The matter is before the court on the respondent's answer to the petition and several motions filed by the petitioner.

Petitioner has filed a motion for discovery in which he seeks production, from the State of Tennessee, of the following: his written and recorded statements; his prior criminal record; documents and tangible objects which were used against him; the reports of scientific tests; exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963); witnesses' names and addresses; and the transcript of the grand jury proceedings. Petitioner refers to Rule 16(a) of the Federal Rules of Criminal Procedure in support of his motion for discovery. Rule 6 of the Rules Governing Section 2254 Cases In The United States District Courts, however, governs discovery in habeas corpus cases and authorizes the district judge to allow

discovery only for good cause shown. Petitioner has not demonstrated good cause for his broad requests for discovery; he is not entitled to the Rule 16(a) discovery afforded a defendant in a federal criminal trial. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) ("Habeas petitioners have no right to automatic discovery.").

In compliance with Rule 5 of the Rules Governing Section 2254 Cases In The United States District Courts, the respondent, through the Attorney General for the State of Tennessee, has provided the court with copies of the technical record and transcript of petitioner's jury trial [Court File No. 24, Notice of Filing], the technical record and transcript of the hearing in post-conviction proceedings [Court File No. 25, Notice of Filing], and the briefs and opinions on direct appeal and from the denial of post-conviction relief [Court File No. 26]. The court finds these documents are sufficient to consider petitioner's habeas corpus petition. Accordingly, the motion for discovery [Court File No. 18] is **DENIED**. Petitioner's motion to preserve the aforementioned evidence [Court File No. 19] is likewise **DENIED**.

Petitioner has filed another motion to appoint counsel to represent him in these proceedings. The court previously denied petitioner's motion to appoint counsel and finds no reason to alter that ruling. The motion to appoint counsel [Court File No. 20] is **DENIED**.

Petitioner moves the court to appoint experts in the fields of DNA testing and audiotape analysis to assist him in presenting his claims, and for funds to pay said experts. Petitioner has failed to demonstrate that appointment of experts are necessary to adequately

present his claims, 18 U.S.C. § 3006A, and his motion for appointment of expert assistance [Court File No. 21] is **DENIED**.

Petitioner has filed a motion for extension of time within which to confer with appointed counsel and reply to the respondent's answer; in the event counsel is not appointed, petitioner seeks additional time to file his *pro se* reply. The motion for extension of time [Court File No. 22] is **GRANTED**. Petitioner shall have up to and including September 20, 2007, within which to file his reply to the answer.

**E N T E R :**

                                                s/ Thomas A. Varlan  
                                                UNITED STATES DISTRICT JUDGE